UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FOUNTAINS ON CARRIAGE WAY )
CONDOMINIUM ASSOC., )
                       )
        Plaintiff, )
                       )        Case No. 16-09060
v. )
                       )
ASPEN AMERICAN INSURANCE )
COMPANY, )
                       )
        Defendant. )

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Now comes the Defendant, Aspen American Insurance Company (Aspen), by and through its attorneys, James R. Swinehart, Mindy M. Medley, Kelly A. Jorgensen, and Clausen Miller P.C., and for its Answer and Affirmative Defenses to the Complaint of Plaintiff, Fountains On Carriage Way Condominium Assoc. (Fountains), states as follows:

## PARTIES AND JURISDICTION

1.      Fountains on Carriage Way Condominium Assoc. ("Fountains") is an Illinois corporation with a registered agent at 50 E. Commerce Drive, Suite 110, Schaumburg, IL 60173. The principal location of the Association's real property is 5001-5201 Carriageway Dr. Rolling Meadows, IL 60008.

**ANSWER:**     **Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.**

2.      Upon information and belief, Aspen American Insurance Company ("Aspen") is a Texas corporation with its principal place of business at 175 Capital Boulevard, Suite 100, Rocky Hill, CT 06068.

DString" 1579425.1

**ANSWER:** **Aspen admits the allegations contained in Paragraph 2.**

3. This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C. Sec. 5 and 28 U.S.C. § 1332. The matter is one between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**ANSWER:** **Aspen denies there is federal question jurisdiction and has filed a Motion to Strike the allegation in this Paragraph relating to jurisdiction being based on federal question pursuant to the Federal Arbitration Act. Aspen admits the remaining allegations in Paragraph 3.**

## FACTS GIVING RISE TO THE PETITION

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the property that is subject to this matter is located in this district.

**ANSWER:** **The allegations in Paragraph 4 are legal conclusions to which no response is required; however, Aspen admits that venue is proper in this United States District Court.**

5. On or about March 4, 2015, a fire damaged property held by Fountains.

**ANSWER:** **Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.**

6. On March 4, 2015, and at all times relevant, Aspen insured the property against such loss pursuant to Policy No. CISACP000356-00 (hereinafter "Policy"). A true and accurate copy of the relevant portions of the Policy are attached hereto as **Exhibit A.**

**ANSWER:** **Aspen admits that it issued Policy No. CISACP0000356-00, which was in effect from February 28, 2015 to February 28, 2016, and that, at all times, was subject to its terms, conditions, provisions, rights, definitions, limitations, exclusions, endorsements, and defenses. Aspen denies the remaining allegations in Paragraph 6.**

7. This is a petition to compel appraisal pursuant to Policy No. CISACP000356-00.

**ANSWER:** **The allegations contained in Paragraph 7 are legal conclusions to which no response is necessary; however, Aspen denies that Fountains is entitled to the relief it is seeking.**

8.      The parties dispute the amount of the loss incurred by Fountains under the Policy as a result of the March 4, 2015 fire.

**ANSWER:      Aspen admits that it disputes the amount of loss claimed by Fountains as well as the extent of coverage provided under the Policy with regard to the alleged March 4, 2015 fire.**

9.      Aspen does not dispute a covered loss occurred at the property, and in fact, Aspen has paid out $6,527,916.81 for the loss.

**ANSWER:      Aspen admits that it has recognized coverage for certain damage to the south and central sections of the building and has paid amounts consistent with the coverage it has recognized but further adds that it is disputing coverage with regard to the claimed damage from soot, smoke, ash, and char in the north section of the building.**

10.      Rather, Aspen disputes the total amount of claimed damages.

**ANSWER:      Aspen admits it is disputing that there is coverage under the Policy for the soot, smoke, ash, and char damage claimed by Fountains in the north section of the building.**

11.      Specifically, Aspen disputes damage arising from soot, smoke, ash and char in the amount of $2,566,653.00 as well as other claimed damages, for a total unpaid claim of $4,349,494.89.

**ANSWER:      Aspen denies that the claimed soot, smoke, ash, and char damage in the north section of building is covered and denies the remaining portions of Paragraph 11.**

12.      At this time, Fountains bring this petition and requests an Order from the Court compelling appraisal for the dispute in value of the soot, smoke, ash and char damage, in the amount of $2,566,653.00.

**ANSWER:      The allegations contained in Paragraph 12 are legal conclusions to which no response is necessary; however, Aspen denies that Fountains is entitled to the relief it is seeking.**

13. The Policy contains an appraisal provision detailing the contractual rights and obligations of the parties when the parties dispute the amount of the loss in Policy Form ASPCSA009 0215 V. (hereinafter the "Appraisal Provision"). The Appraisal Provision reads, in pertinent part:

> **H. Appraisal**
>
> If the "Company" and an "insured" do not agree on the amount of a loss, either may make a written demand for an appraisal of the loss. In this event, each party will select and pay a competent and impartial appraiser. The two appraisers will select an umpire. If the appraisers cannot agree on an umpire, either may request that that selection be made by a judge of court having jurisdiction. The appraisers will separately state the amount of net income and operation expense, the value of the property and the amount of the loss. If the appraisers do not agree, they will submit their statements to the umpire. Agreement by any two on the amount of a loss will be binding. Each party will:
>
> **1.** Pay its chosen appraiser; and
> **2.** Equally share any other appraisal expenses and the expenses of the umpire.

See Ex. A at Page 23 of 27.

**ANSWER:** **Aspen admits that Fountains has quoted a portion of the Appraisal Provision of the Policy.**

14. On May 20, 2016, pursuant to the Appraisal Provision, Fountains made a written demand for an appraisal of the loss.

**ANSWER:** **Aspen admits that Fountains made a written demand for appraisal in a letter dated May 20, 2016, which was postmarked May 31, 2016 and was received on June 3, 2016, but denies that this dispute comes within the Appraisal Provision.**

15. Fountains selected Tomas Irmiter as its appraiser.

**ANSWER:** **Aspen admits the allegations contained in Paragraph 15.**

16. Despite multiple requests from Fountains that Aspen participate in the appraisal process and appoint an appraiser, Aspen refused to name an appraiser.

**ANSWER:** **Aspen admits that it has not named an appraiser but further states that, in a number of correspondence, it has responded to Fountains, including explaining that appraisal is not appropriate for this dispute.**

17. Fountains is entitled to appraise this loss pursuant to the appraisal provision in the Aspen policy.

**ANSWER:** **Aspen denies the allegations contained in Paragraph 17.**

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFNSE

1. According to the Policy, either the insured or Aspen, if they do not agree on the amount of loss, may make a written demand for appraisal. (Policy, V. Conditions, H. Appraisal, p. 23 of 27; a copy of the Policy is attached as Ex. 1.)

2. Fountains is demanding an appraisal of this claim where issues exist beyond the amount of loss.

3. Rather, multiple coverage issues exist with regard to the claimed soot, smoke, char, and ash damage in the north section of the building.

4. One coverage issue is whether those claimed damages were caused by the fire of March 4, 2015.

5. Another coverage question is whether the claimed damage was caused by something other than the fire.

6. Another coverage issue is when the claimed damaged occurred and whether they occurred in the policy period.

7. Another coverage issue is whether the claimed damage is excluded under the Pollution Exclusion, which provided:

**12.** **Pollution**

Discharge, dispersal, seepage, migration, release or escape of "Pollutants" unless such Discharge, dispersal, seepage, migration, release or escape is itself caused by a Specified Cause of Loss.

(Policy, Ex. 1, G. Exclusions, 12., p. 13 of 27.)

8. Therefore, this claim is not appropriate for appraisal.

## SECOND AFFIRMATIVE DEFENSE

The Policy also provided this Condition:

**D.** **Legal Action Against the Company**

No one may bring a legal action against the "Company":

1. Until there has been full compliance with all terms of this policy; and

2. More than one (1) year after the insured first had knowledge of a loss. However, the "Company" will extend this one (1) year by the number of days between the date that proof of loss is filed and the date when the claim is denied in whole or in part. (Policy, Ex. 1, Illinois Amendatory Endorsement, D., p. 3 of 3.)

3. The claimed date of loss is March 4, 2015. Suit was not filed until September 20, 2016.

4. Suit was filed more than one year after the date of loss, and, therefore, this action is time barred.

WHEREFORE, Defendant Aspen American Insurance Company prays that judgment be entered in its favor and against Plaintiff Fountains On Carriage Way Condominium Assoc., and that it be awarded its costs and disbursements incurred in this action.

Dated: October 17, 2016

Respectfully submitted,


By: */s/James R. Swinehart*
James R. Swinehart
Mindy M. Medley
Kelly A. Jorgensen
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Email: jswinehart@clausen.com
    mmedley@clausen.com
    kjorgensen@clausen.com
Tel: 312- 855-1010
Fax: 312-606-7777

Counsel for Defendant, Aspen American
Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2016, a copy of the foregoing Answer and Affirmative Defenses to the Complaint of Fountains On Carriage Way Condominium Assoc. was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ James R. Swinehart*
James R. Swinehart